UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JULIAN ROMAN,<br><br>        Plaintiff,<br><br>        v.<br><br>ABM JANITORIAL NORTHEAST, INC., et al.,<br><br>        Defendants. | Civ. Action No. 06-5266 (KSH)<br><br>OPINION |

**KATHARINE S. HAYDEN, U.S.D.J.**

I.    INTRODUCTION

Plaintiff Julian Roman ("Roman") commenced this litigation in the Superior Court of New Jersey, Law Division, Hudson County, and defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332, based on the diversity of citizenship of the parties. Roman's three-count complaint asserts two claims of employment discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD") against his former employer, defendant ABM Janitorial Northeast, Inc. and/or Colin Services Inc. ("ABM"), as well as a claim for tortious interference against defendant Pershing, LLC ("Pershing").

The tortious interference claim against Pershing alleges that Roman's employment with ABM was terminated after Pershing, one of ABM's customers, demanded that ABM fire all non-English speaking janitorial employees who have contact with Pershing employees. Pershing has moved to dismiss for failure to state a claim upon which relief can be granted. Because the Court finds that

there may be circumstances under which such a demand could constitute tortious interference, Pershing's motion to dismiss is **denied**.

## II.   STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to file a pre-answer motion to dismiss based upon the pleader's "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion can only be granted if "it appears to a certainty that no relief could be granted under any set of facts which could be proved." Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (quoting D.P. Enters., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984)). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Langford v. City of Atlantic City, 235 F.3d 845, 847 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Because the Court's jurisdiction is based on diversity of citizenship and because all of the complained of conduct occurred in New Jersey, the Court will apply the substantive law of the State of New Jersey. Robertson v. Central Jersey Bank & Trust Co., 47 F.3d 1268, 1273 (3d Cir. 1995).

## III.   FACTS

The following factual background is established solely from the complaint.

Roman, a 53 year old Hispanic male, was employed as a maintenance worker for ABM from April 23, 2001 until August 14, 2005. Throughout the entire period of his employment, Roman was assigned to work at a building owned and operated by Pershing in Jersey City, New Jersey. Although Roman has only limited knowledge of the English language, he was always able to perform the duties assigned to him by receiving instructions in Spanish from other Hispanic employees who spoke both

English and Spanish.

At some point in 2005, Pershing outsourced the function being performed by Roman to an off-site contractor. Although ABM employees performed various other maintenance related tasks for Pershing, Pershing instructed ABM that Roman could not remain employed at its location because he spoke Spanish, and had limited knowledge of the English language. Shortly thereafter, ABM terminated Roman's employment.

In this suit, Roman seeks damages from both ABM and Pershing. The complaint alleges that ABM violated NJLAD by terminating his employment on the basis of his ethnic background/national origin and his age. The complaint also asserts a claim against Pershing for tortious interference with Roman's economic relationship with his employer. ABM filed an answer. Pershing filed a motion to dismiss in lieu of an answer pursuant to Fed. R. Civ. 12(b)(6). Pershing argues that because its "English-ability policy" (the ability to communicate in English) is lawful, its actions were neither malicious nor unreasonable as required by New Jersey law to state a claim for tortious interference.

**IV.    DISCUSSION**

A complaint alleging tortious interference must set forth facts alleging each of the following elements: "(1) plaintiff . . . had a reasonable expectation of economic advantage; (2) defendant . . . interfered intentionally and with malice; (3) defendant's interference . . . caused the loss of Plaintiff's prospective gain; and (4) the injury . . . caused damage." EZ Sockets, Inc. v. Brighton-Best Socket Screw Mfg. Inc., 307 N.J. Super. 546, 558-59 (Ch. Div. 1996) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 751-52 (1989)). Moreover, the defendant cannot be a party to the relationship giving rise to the expected economic advantage. Printing Mart-Morristown, 116 N.J.

at 752.  For purposes of this motion, Pershing contests only that its actions were not, as a matter of law, malicious.

The New Jersey Supreme Court has recognized that the test for tortious interference is "somewhat amorphous . . . because malicious acts are determined *on a case-by-case basis*."  Id. at 756 (emphasis added).

> "The essence of the cases in this field is that in adjudging whether what the defendant has done is actionable, i.e., not done in the exercise of an equal or superior right, the ultimate inquiry is whether the conduct was both injurious and transgressive of generally accepted standards of common morality or of law.  In other words, was the interference by defendant sanctioned by the 'rules of the game.'  There can be no tighter test of liability in this area than that of the common conception of what is right and just dealing under the circumstances.  Not only must a defendant's motive and purpose be proper, but so also must be the means."

Id. at 757 (quoting Sustick v. Slatina, 48 N.J. Super. 134, 144 (N.J. Super. Ct. App. Div. 1957) (citations and quotations omitted)).

This case arises in a quasi-employment context, and while New Jersey law governing the permissibility of language requirements in the workplace is not binding in a case such as this which alleges tortious interference, the case law does provide guidance as to what is considered "right and just dealing under the circumstances."  In Rosario v. Cacace, 337 N.J. Super. 578, 585-86 (App. Div. 2001), a unanimous panel of the Appellate Division declared that while a language requirement by an employer is not *per se* unlawful, a "plaintiff who could prove that an English-only or English-mainly rule was used as a surrogate for discrimination on the basis of national origin, ancestry, or any other prohibited grounds, would qualify for relief under [NJLAD]."  In so holding, the Rosario court specifically adopted the reasoning of the Fifth Circuit in Garcia v. Gloor, 618 F.2d 264, 269 (5th Cir. 1980), where that court stated that "[t]he refusal to hire applicants who cannot speak English might be discriminatory if the jobs they seek can be performed without knowledge of that

language . . . ."  This reasoning is consistent with statements published by the U.S. Equal Opportunity Commission ("EEOC") in its compliance manual.  EEOC Compliance Manual § 13-V(B)(1), available at http://www.eeoc.gov/policy/docs/national-origin.html#VB (stating that "a fluency requirement is permissible only if required for the effective performance of the position for which it is imposed").  Considering the authority provided in Rosario and Garcia, as well as the statements by the EEOC, Pershing's insistence that its English-ability policy is unquestionably lawful is dubious, and its failure to address this authority in its moving papers is surprising.

Roman has alleged that he was fully capable of performing other job assignments for ABM/Pershing during the day shift and that he was terminated solely because of his limited knowledge of English.  Pershing argues that there can be no claim of national origin discrimination because there has been no allegation that Pershing refuses to allow laborers of Hispanic origin to work at its offices.  Pershing further argues that its policy of only allowing English speaking laborers to work the day shift is necessary so that its employees are able to interact with the maintenance staff, and that the fact that it allows many non-English speaking laborers to work the night shift shows that its policy is not discriminatory.  This is an issue that requires discovery.  Pershing's motion ignores the close examination of facts that animates the legal analysis in Printing Mart-Morristown, 116 N.J. at 757, and cannot be granted.

**V.     CONCLUSION**

For the foregoing reasons, Pershing's motion to dismiss is **denied**.  An appropriate order will be entered.

Dated: June 1, 2007                               /s/ Katharine S. Hayden
                                                                                      Katharine S. Hayden, U.S.D.J.